*505 MEMORANDUM **
Christina M. Parks appeals a district court judgment, which affirmed the Commissioner of Social Security’s final decision to deny her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act. Because the parties are familiar with the facts and procedural history of this case, we will discuss them only as necessary to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The Social Security regulations provide a five-step inquiry to determine whether a claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The administrative law judge (ALJ) determined at step three that Parks had not established that her seizures met the severity and frequency requirements of 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 11.02 and 11.03 (Listings 11.02 and 11.03). We have held that “[a] claimant’s impairment does not meet the epilepsy listing unless it ‘persists despite the fact that the individual is following prescribed anticonvulsive treatment.’ ” Lewis v. Apfel, 236 F.3d 503, 513 (9th Cir.2001) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00A). The ALJ reached this determination after reviewing the evidence and concluding that Parks did not have an ongoing relationship with a treatment source as required by Social Security Ruling (SSR) 87-6, had been non-compliant with prescribed treatment, and admitted to experiencing far fewer seizures while on prescribed treatment.
Substantial evidence supports this determination. Parks’s medical records indicate that while on anticonvulsants, she reported experiencing fewer seizures than Listings 11.02 and 11.03 require. It is undisputed that she missed scheduled appointments with her neurologist. Further, it is undisputed that she unilaterally decided to stop taking her prescribed medication in May 2004.
The ALJ determined at step four that Parks had the residual functional capacity (RFC) to perform her past relevant work. An ALJ must assess a claimant’s RFC “based on all of the relevant evidence in the case record” and “must consider limitations and restrictions imposed by all of an individual’s impairments, even those that are not ‘severe.’” SSR 96-8p. See also 20 C.F.R. § 404.1545. Here, the ALJ reviewed the record and cited numerous factors that support the determination on this point, including treatment notes from Parks’s physicians and opinions rendered by state agency physicians. Parks’s treating physician, Dr. Wong, did not indicate any limitations on Parks other than driving. See 20 C.F.R. §§ 404.1545(a)(3), 404.1527(d)(2). The state agency physicians who examined Parks and provided opinions on her RFC found that her seizure disorder resulted in limitations only to the extent that she could not drive, work around dangerous machinery, or work at unprotected heights. These independent findings constitute substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995).
The ALJ determined that Parks’s subjective symptom testimony was not fully credible. If a claimant has produced objective medical evidence that establishes an impairment that would produce some subjective symptoms, an ALJ cannot reject the claimant’s subjective complaints solely because the medical evidence does *506 not support the alleged severity of symptoms, but must instead make specific findings and provide clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir.1986). Here, the decision specified the testimony the ALJ found not credible and provided clear and convincing reasons for reaching an adverse credibility finding. First, Parks had a limited and inconsistent history of treatment during the periods that she was insured. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir.2008). Second, Parks made statements about the effects of her medications that are inconsistent with the record. See Light v. Social Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997). Third, she thwarted treatment efforts by unilaterally going off her medications. See Smolen, 80 F.3d at 1284. Finally, Parks presented no medical records or evidence corroborating the injuries she allegedly suffered because of her seizures. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.2005).
The ALJ determined that Parks did not establish that her other alleged impairments were “severe” impairments at step two of the five-step process. An impairment or combination of impairments will be found “not severe” at step two when medical evidence establishes that the claimant has only a slight abnormality that does not significantly limit her physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c); 416.920(c); SSR 85-28. Parks alleged a mental impairment resulting from depression, and physical impairments resulting from gastrointestinal problems, migraine headaches, and hypothyroidism. The ALJ’s determination that these alleged impairments were not severe is supported by substantial evidence.
Although treating psychiatrists diagnosed Parks with major depression in both 2001 and 2004, neither expressed an opinion as to any resulting limitations, and Parks infrequently sought mental health treatment. Further, the state agency examining psychologist found only mild functional limitations, with the most recent examination reporting a “fair to good” prognosis and finding that Parks had the ability to perform detailed and complex tasks, maintain adequate concentration, persistence and pace, maintain adequate social functioning, and adapt to the usual stresses of competitive work. The state agency reviewing physician also found no severe mental impairments.
Likewise, although Parks’s medical records indicate that she complained of gastrointestinal pain and was prescribed Inderal for her migraines, nothing in the record indicates that these problems significantly limited her ability to perform basic work activities. Parks’s medical records indicate that she does not experience symptoms associated with her hypothyroidism when she takes her prescribed medication. Further, the state agency examining physician who performed an internal medicine consultation found that Parks had no limitations beyond the standard precautions associated with her seizure disorder. These findings constitute substantial evidence and support the ALJ’s conclusion that Parks’s other alleged mental and physical impairments were not severe impairments at step two. Andrews, 53 F.3d at 1041.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.